IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

APR - 2 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

TRUSTEES OF THE PLUMBERS AND       )
PIPEFITTERS NATIONAL               )
PENSION FUND, *et al.*,            )
                                   )
        Plaintiffs,                )
                                   )       Civil Action No. 1:08cv728 (GBL/JFA)
    v.                             )
                                   )
LAGANA, JIM PLUMBING & HEATING,    )
INC., a/k/a J. LAGANA PLUMBING &   )
HEATING, INC.,                     )
                                   )
        Defendant.                 )
_____    )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 11). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against the defendant Lagana, Jim Plumbing & Heating, Inc., a/k/a J. Lagana Plumbing & Heating, Inc. ("Lagana"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On July 15, 2008, the plaintiffs filed this action alleging that Lagana breached its Collective Bargaining Agreement with the United Association Local Union No. 524 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs and

for injunctive relief. (Docket no. 1). On October 1, 2008, the plaintiffs filed an amended

complaint. (Docket no. 4). A summons for the amended complaint was issued on October 7,

2008, and the summons and amended complaint were served on James Lagana, the president of

Lagana, on December 15, 2008. (Docket no. 8). In accordance with Fed. R. Civ. P. 12(a),

Lagana's responsive pleading was due on January 5, 2009, 20 days after being served with the

summons and amended complaint. Lagana failed to file a responsive pleading in a timely

manner. On February 27, 2009, the plaintiffs filed their request for entry of default. (Docket

no. 9). The Clerk entered default against Lagana pursuant to Fed. R. Civ. P. 55(a) on March 2,

2009. (Docket no. 10).

On March 9, 2009, the plaintiffs filed a motion for default judgment, setting a hearing

for March 27, 2009 at 10:00 a.m. (Docket nos. 11, 12). The motion for default judgment was

supported with two affidavits from William T. Sweeney, Jr. and a declaration by John R.

Harney. (Docket no. 11). The motion for default judgment and supporting papers were served

on Lagana by mail on March 9, 2009. (Docket no. 11). On March 27, 2009, counsel for the

plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on

behalf of Lagana.

## Factual Background

The following facts are established by the amended complaint (Docket no. 4), the motion

for default judgment and the affidavits and declaration attached as exhibits to the motion for

default judgment (Docket no. 11). The Trustees of the Plumbers and Pipefitters National

Pension Fund and the Trustees of the International Training Fund are trustees of multi-

employer employee benefit plans as defined by the Employment Retirement Income Security

2

Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1-3).[1] The National

Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust

and by a Collective Bargaining Agreement between the United Association Local Union No.

524 and defendant Lagana. (Compl. ¶¶ 1, 2). The International Training Fund is established

and maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement

between the United Association Local Union No. 524 and defendant Lagana. (Compl. ¶ 3). The

National Pension Fund and the International Training Fund are administered in Alexandria,

Virginia. (Compl. ¶¶ 2, 3). Lagana is a Pennsylvania corporation with offices located in

Hazleton, Pennsylvania and trades under the name of J. Lagana Plumbing & Heating, Inc.

(Compl. ¶ 4). At all times herein, Lagana was an "employer in an industry affecting commerce"

as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and

152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 4).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and

1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §

185(a). Lagana is a signatory to the Collective Bargaining Agreement with United Association

Local Union No. 524 establishing the terms and conditions of employment for journeymen and

apprentice plumbers and pipefitters employed by Lagana. (Compl. ¶ 6). Pursuant to the

Collective Bargaining Agreement, Lagana agreed to pay the National Pension Fund certain sums

of money for each hour worked by employees of Lagana covered by the Collective Bargaining

Agreement and to pay the International Training Fund certain sums of money for each hour

worked by employees of Lagana covered by the Collective Bargaining Agreement. (Compl. ¶¶

---

[1] Citations to the amended complaint (Docket no. 4) are shown as (Compl. ¶ _).

3

7, 8). Plaintiffs claim that Lagana employed certain employees covered under the Collective Bargaining Agreement and failed to make proper and timely contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at Lagana's request. (Compl. ¶¶ 9, 10, 11, 17, 18).

### Count I – National Pension Fund

In the original complaint the National Pension Fund asserted that Lagana failed to pay the amounts owed for contributions for the months of March 2008 through May 2008. (Docket no. 1). Lagana made certain payments after the filing of the original complaint and, as set forth in the amended complaint, the National Pension Fund asserted in the amended complaint that Lagana failed to make *timely* contributions to the National Pension Fund for the months of March 2008 through August 2008 and failed to make contributions to the National Pension Fund for the month of March 2008 and for the months of June 2008 through August 2008. (Compl. ¶¶ 10-12). Since the filing of the amended complaint, Lagana has paid the contributions owed for the months of June through August 2008 and now currently owes $1,255.60 for the March 2008 contribution. (Sweeney National Pension Fund Affid. ¶¶ 5-8).

The National Pension Fund also alleges that Lagana failed to make timely contributions for the months of March 2008 through August 2008. (Compl. ¶ 10). The National Pension Fund states that Lagana is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶ 14). Pursuant to this provision, the National Pension Fund claims that Lagana is obligated to pay $2,542.27 in liquidated damages. (Compl. ¶ 15).

In addition, the National Pension Fund claims that pursuant to the Restated Trust Agreement, interest is to be assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund.  (Sweeney National Pension Fund Affid. ¶ 12).

### Count II – International Training Fund

In the original complaint the International Training Fund asserted that Lagana failed to pay the amounts owed for contributions for the months of April and May 2008.  (Docket no. 1). Lagana made certain payments after the filing of the original complaint and, as set forth in the amended complaint, the International Training Fund asserted in the amended complaint that Lagana failed to make *timely* contributions to the International Training Fund for the months of April through August 2008 and failed to make contributions to the International Training Fund for the months of June through August 2008.  (Compl. ¶¶ 17, 18).  Since the filing of the amended complaint, Lagana has paid the contributions owed for the months of June through August 2008.  (Sweeney International Training Fund Affid. ¶¶ 6, 7).  The International Training Fund is not seeking an award for any past due contributions from Lagana in its motion for default judgment.  (Docket no. 11).

The International Training Fund also alleges that Lagana is bound to the Restated Trust Agreement that provides in Article VI, Section 6 that if an employer fails to file a report or make contributions within ten calendar days of the due date, the Trustees have the discretion to add to the amount owed by the employer, liquidated damages in the amount of 20% of the amount due for each monthly report or payment past due.  (Compl. ¶ 21).  Pursuant to this provision, the International Training Fund claims that Lagana is obligated to pay $110.53 in liquidated damages.  (Compl. ¶ 22).

5

In addition, the International Training Fund claims that pursuant to the Restated Trust Agreement, interest is to be assessed at a rate of 12% per annum from the due date through the date of payment to the International Training Fund.  (Sweeney International Training Fund Affid. ¶ 12).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2) they are entitled to a judgment awarding: (1) the full amount of unpaid contributions for the period March 2008; (2) liquidated damages for all untimely payments; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[2]

Plaintiffs state that they are owed the amounts as detailed below.

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 3/27/2009 |
|---|---|---|---|
| National Pension Fund | $1,255.60 | $2,542.27 | $609.38 |
| International Training Fund | $0 | $110.53 | $10.73 |

| Attorney's Fees | Costs |
|---|---|
| $2,110.00 | $576.29 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

---

[2] In Count III, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Lagana to submit timely contributions and remittance reports to each plaintiff.  Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 2, 3). On December 15, 2008 the summons

7

and amended complaint were served on James Lagana, the president of Lagana. (Docket no. 8).

Venue is proper in this court and this court has personal jurisdiction over Lagana since each

plaintiff is administered within the Alexandria Division of the Eastern District of Virginia and

the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v.*

*McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action

should be determined on the basis of the defendant's national contacts with the United States

pursuant to the *Due Process Clause of the Fifth Amendment* and ERISA itself provides for

nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court

has subject matter jurisdiction over this action, that the court has personal jurisdiction over

Lagana and that venue is proper in this court.

### Grounds for Entry of Default

The amended complaint was served in person on the president of defendant Lagana on

December 15, 2008. (Docket no. 8). Under Fed. R. Civ. P. 12(a), a responsive pleading was

due on January 5, 2009. After Lagana failed to file an answer or responsive pleading in a timely

manner, the plaintiffs requested an entry of default on February 27, 2009. (Docket no. 9). The

Clerk of the Court entered a default on March 2, 2009. (Docket no. 10).

The undersigned magistrate judge recommends a finding that Lagana was served

properly, that it failed to file a responsive pleading in a timely manner and that the Clerk

properly entered a default as to Lagana.

## Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Lagana did not file a responsive pleading and is in default, it admits the factual allegations in the amended complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the amended complaint and supplemented in the motion for default judgment, Lagana failed to make contributions to the National Pension Fund for the month of March 2008 and failed to make timely contributions to the National Pension Fund and to the International Training Fund for the months of March through August 2008. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 11; Ex. A). The International Training Fund also submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 11; Ex. B). In addition to the affidavits from Mr.

Sweeney, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 11; Ex. C).

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that the National Pension Fund is owed contributions in the amount of $1,255.60 for the month of March; liquidated damages in the amount of $2,542.27 (calculated at 10% of the contributions for the months of March through August 2008 that were not paid in a timely manner); and interest at the rate of 12% from the date the payments were due through the date of payment for those contributions that have been paid and through March 27, 2009 for the outstanding contributions totaling $609.38.[3]

In addition, the declaration of John R. Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees requested is $2,110.00 for 16.25 hours of attorney and paralegal time and the amount of costs is $576.29 for the filing fee, process server fee and computerized research. The undersigned magistrate judge has reviewed the declaration of John R. Harney and the supporting documentation and recommends that the court find that the amounts requested for attorney's fees and costs by the National Pension Fund are reasonable and should be paid by the defendant Lagana.

---

[3] The Sweeney affidavit calculates the amount of interest from the date the payments were due through the date of payment or March 27, 2009 for the unpaid contribution. The National Pension Fund is entitled to interest at a rate of 12% until the contribution is paid. Additional interest for the unpaid contribution should be calculated at a daily rate of $0.41 from March 27, 2009 until paid.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Lagana on Count I in the amended complaint in the amounts shown below.

| Delinquent Contributions | $1,255.60 |
|---|---|
| Liquidated Damages | $2,542.27 |
| Accrued Interest (3/27/2009) | $609.38 |
| Attorney's Fees | $2,110.00 |
| Costs | $576.29 |
| *Total* | **$7,093.54** |

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the International Training Fund establishes that the International Training Fund is owed liquidated damages in the amount of $110.53 (calculated at 20% of the contributions that were not made in a timely manner). The International Pension Fund is also entitled to an award of interest on the unpaid contributions at the rate of 12% from the date the payments were due through payment totaling $10.73. For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the International Training Fund against Lagana on Count II in the amended complaint in the amounts shown below.

| Delinquent Contributions | $0 |
|---|---|
| Liquidated Damages | $110.53 |
| Accrued Interest | $10.73 |
| *Total* | **$121.26** |

## **Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant Lagana, Jim Plumbing & Heating, Inc. at its address for service of process, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this pleading to James Lagana, President, Lagana, Jim Plumbing & Heating, Inc., 146 Airport Road, Suite 3, Hazelton, PA 18202.

ENTERED this 2nd day of April, 2009.

                                        _____ /s/ _____ JFA
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia

12