IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Trustees of the Plumbers & Pipefitters National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Lagana, Jim Plumbing & Heating, Inc., a/k/a J. Lagana Plumbing & Heating, Inc., <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 1:08cv728 (GBL) ) ) ) ) ) ) ) |

## ORDER

THIS MATTER is before the Court on the April 2, 2009, Report and Recommendation of Magistrate Judge John F. Anderson, regarding Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and Trustees of the International Training Fund's (collectively, "Fund Trustees") unopposed Motion for Entry of Default Judgment against Defendant Lagana, Jim Plumbing & Heating, Inc., a/k/a J. Lagana Plumbing & Heating ("Lagana"). This case concerns the alleged breach of a collective bargaining agreement between Defendant Lagana and United Association Local Union No. 524, owing to Lagana's failure to make timely payments to the Fund Trustees.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within ten (10) days of being served with a copy of the order. *Id.* The district judge to whom a case is assigned should make a de novo determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id.*

Here, the President of Lagana received personal service of the Amended Complaint on December 15, 2008, and Lagana has not responded. The Clerk entered default on March 2, 2009. In a March 27, 2009, hearing on the Motion for Default Judgment, Fund Trustees established that Lagana owed payment for delinquent contributions, liquidated damages, accrued interest, attorney's fees, and costs in accordance with 29 U.S.C. § 1132(g)(2). Lagana has not responded to the Motion for Default Judgment and Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to plead or defend against a claim. FED. R. CIV. P. 55.

Magistrate Judge Anderson has recommended that the Court enter default judgment against Lagana in favor of Fund Trustees in the amounts of $7,093.54 to Trustees of the Plumbers & Pipefitters National Pension Fund and $121.26 to Trustees of the International Training Fund.

No party has filed objections within ten (10) days of being served with the magistrate judge's recommendation. Therefore, the Court adopts Judge Anderson's Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that default judgment be ENTERED in favor of Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund and against Defendant Lagana, Jim Plumbing & Heating, Inc., a/k/a J. Lagana Plumbing & Heating, Inc., in the amount of $7,093.54. It is further

ORDERED that default judgment be ENTERED in favor of Plaintiff Trustees of the International Training Fund and against Defendant Lagana, Jim Plumbing & Heating, Inc., a/k/a J. Lagana Plumbing & Heating, Inc., in the amount of $121.26.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 24th day of April, 2009.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
04/ 24 /09